**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No. 1:20-CR-00041 |
| : | |
| **STACEY ELAM POMRENKE** : | |

### RESPONSE IN OPPOSITION TO MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

COMES NOW, the United States of America, through undersigned counsel, and responds in opposition to defendant Stacey Elam Pomrenke's *pro se* Motion for Early Termination of Supervised Release (ECF No. 28).

### BACKGROUND

On August 11, 2016, Ms. Pomrenke was sentenced to thirty-two months' imprisonment and three years of supervised release after she was found guilty subsequent to a jury trial of conspiracy to defraud the United States, three counts of making false statements, conspiracy to commit extortion, extortion, theft/bribery of a program receiving federal funds, conspiracy to commit wire fraud, and six counts of wire fraud. *See* Case No. 1:15CR33, ECF No. 250. She began her three-year term of supervision in Case No. 1:15CR33 on August 12, 2018. ECF No. 282.

In November 2020, before Ms. Pomrenke completed her term of supervised release in Case No. 1:15CR33, she pleaded guilty to conspiring to defraud the United States, in violation of 18 U.S.C. §§ 371 and 3147. Specifically, Ms. Pomrenke admitted that she and her husband engaged in a scheme to fraudulently obtain admission into the Bureau of Prisons Residential Drug Abuse Program ("RDAP"), thereby improperly reducing her original, 32-month sentence in Case No. 1:15CR33 by seven months. *See* ECF No. 18. As part of the scheme, Ms. Pomrenke and her

husband hired a company to teach them how to provide false information to the BOP and manufacture evidence of a claimed alcohol addiction. *Id.* On January 26, 2021, this Court sentenced Ms. Pomrenke to 30 months' incarceration and three years of supervised release for such conduct. ECF No. 24. Ms. Pomrenke began her period of supervised release in this case on August 28, 2023. ECF No. 29.

## LAW AND ARGUMENT

Title 18, Section 3583(e)(1) authorizes this Court to terminate a term of supervised release and discharge a defendant released from confinement after the expiration of one year of supervised release. 18 U.S.C. § 3583(e)(1). Before terminating a sentence of supervised release, this Court must consider the factors set forth in 18 U.S.C. §§ 3553(a)(1), (2)(B)-(D), (4), (5), (6), and (7), and determine that early release is warranted by the conduct of the defendant and the interests of justice.

In this case, consideration of the sentencing factors outlined in 18 U.S.C. §§ 3553(a)(1) and (a)(2)(B) weigh heavily against early termination of Ms. Pomrenke's supervised release. Ms. Pomrenke's first term of supervision (in Case No. 1:15CR33) was cut short due to new charges. She has served only approximately *half* of her current term of supervision, which is far less than necessary to reflect the nature of her offense and afford adequate deterrence to criminal conduct. Ms. Pomrenke pleaded guilty to the very serious offense of conspiring to defraud the United States. Particularly relevant to the Court's considerations here, Ms. Pomrenke's admitted reason for defrauding the government was to attempt to avoid the full impact of her original sentence. The Court's sentence of 30 months' imprisonment and three years' supervised release was imposed to reflect the serious nature of her offense as well as her personal characteristics. While Ms. Pomrenke's good performance thus far on supervision is encouraging, the needs for the sentence

imposed have not yet been met. Ms. Pomrenke should not be rewarded with a reduced term of supervised release, particularly where, as here, Ms. Pomrenke's motive in defrauding the government was to avoid the full impact of her sentence.

Accordingly, the government submits that the full period of supervised release must be completed in order to adequately reflect the nature of the crime and deter Ms. Pomrenke from engaging in future criminal conduct. The government asks this Court to deny Ms. Pomrenke's *pro se* request for early termination of supervised release.

Respectfully submitted,

ZACHARY T. LEE
Acting United States Attorney

/s/ Lena L. Busscher
Assistant United States Attorney
Virginia Bar. No. 82353
Assistant United States Attorney
U.S. Attorney's Office
180 West Main Street
Abingdon, Virginia 24210
276-628-4161
276-628-7399 (fax)
USAVAW.ECFAbingdon@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on Monday, February 24, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF and a copy was mailed to the defendant.

/s/ Lena L. Busscher
Assistant United States Attorney